☒ FILED  ☐ LODGED

**NOV 27 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

Jonathan Baumbach #278913
Name and Prisoner/Booking Number

ASPC-Tucson / Rincon Unit
Place of Confinement

P.O. Box 24403
Mailing Address

Tucson, AZ 85734
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Jonathan Baumbach
(Full Name of Plaintiff)       Plaintiff,

vs.                                             CASE NO. CV-23-2466-PHX-GMS (CDB)
                                                (To be supplied by the Clerk)

(1) Jean King
(Full Name of Defendant)

(2) Edmund Mitchell                             **CIVIL RIGHTS COMPLAINT**
                                                **BY A PRISONER**
(3) Angel Merriman

(4) Centurion Health Inc.                       ☒ Original Complaint
            Defendant(s).                       ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.    ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: Phoenix complex, Tucson complex

Revised 5/1/2013                                1

**550/555**

DEFENDANTS

5. Jonathon Mahn

6. Christina Cheng

7. Cindy Graio

8. Naphcare Inc.

Defendants N.P. Jean King, DR. Edmund Mitchell, N.P. Angel Merriman, DR. Jonathon Mahn, N.P. Christina Cheng, Cindy Graio, Centurion Health Inc., Naphcare Inc. at all relevant times was acting under color of State law and are being sued in their individual and official capacities.

1-A

## B. DEFENDANTS

1. Name of first Defendant: __Jean King__. The first Defendant is employed as: __Nurse Practioner__ at __Phoenix complex__.
   (Position and Title)                                (Institution)

2. Name of second Defendant: __Edmund Mitchell__. The second Defendant is employed as: __Complex medical Director / Doctor__ at __Phoenix complex__.
   (Position and Title)                                (Institution)

3. Name of third Defendant: __Angel Merriman__. The third Defendant is employed as: __Nurse Practioner__ at __Phoenix Complex__.
   (Position and Title)                                (Institution)

4. Name of fourth Defendant: __Centurion Health Inc.__. The fourth Defendant is employed as: __Private Health Services Company__ at __Arizona State Prisons__.
   (Position and Title)                                (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ■ Yes    ☐ No

2. If yes, how many lawsuits have you filed? __2__. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: __Jonathan Baumbach__ v. __Keith Smith, et al.__
      2. Court and case number: __CV·15-00624-PHX-Gms (BSB)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __Settlement__

   b. Second prior lawsuit:
      1. Parties: __Jonathan Baumbach__ v. __David Dennis, et al.__
      2. Court and case number: __CV 20-01481-PHX-Gms (CDB)__
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) __dismissed due to fact Plaintiff wasn't able to Subpoena Defendant David Dennis__

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)_____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## DEFENDANTS

5. Name of Fifth Defendant: Jonathon Mahn. The Fifth Defendant is employed as: Complex Medical Director at Phoenix Complex.

6. Name of Sixth Defendant: Christina Cheng. The Sixth Defendant is employed as: Nurse Practioner at Phoenix Complex.

7. Name of Seventh Defendant: Cindy Gaio. The Seventh Defendant is employed as: Clinical Coordinator at Phoenix Complex.

8. Name of Eighth Defendant: Naphcare Inc. The Eighth Defendant is employed as: Private Health Services at Arizona State Prisons.

2-A

### D. CAUSE OF ACTION

### COUNT I

1. State the constitutional or other federal civil right that was violated: <u>Eighth Amendment</u>

2. **Count I.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   ☐ Basic necessities    ☐ Mail    ☐ Access to the court    ■ Medical care
   ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
   ☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   STATEMENT OF FACTS

   1. Plaintiff Jonathan Baumbach ("Baumbach") at all times relevant to this complaint was confined by the Arizona Department of Corrections Rehabilitation and Reentry ("ADCRR") Phoenix complex, in the Aspen unit.

   2. Plaintiff was diagnosed with Hodgkin's Lymphoma cancer in September of 2022.

   3. This is not a situation where Plaintiff had a single interaction with a single provider who did not accurately examine and assess the situation. The Plaintiff instead had months of contact with numerous medical providers.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Permanent nerve damage, loss of strength, can't lift stuff, permanent damage to left arm, pain, suffering, mental anguish, chronic debilitating pain, attempted suicide

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ■ Yes    ☐ No
   b. Did you submit a request for administrative relief on Count I?    ■ Yes    ☐ No
   c. Did you appeal your request for relief on Count I to the highest level?    ■ Yes    ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

1 | all of whom failed to identify an obvious serious problem.
2 |
3 | 4. As well the Defendants had an ongoing pattern of ignoring, and failing to timely
4 |
5 | respond to Plaintiffs help, begging, and pleading as the Plaintiffs symptoms progressivly get
6 |
7 | worse to the point Plaintiff was crying because of the chronic and substantial pain. The
8 |
9 | Plaintiff at a point wanted to take his life instead of living like that.
10 |
11 | 5. From the first 30days the Plaintiffs symptoms beame so obvious by visually seeing,
12 |
13 | and that was pointing to an illness that very well could be life threatening, or could
14 |
15 | cause permanent damage to the Plaintiffs body, which this was not an isolated problem.
16 |
17 | 6. The Plaintiff started to ask for help 12/27/21, when it started off as a rash. Which
18 |
19 | on 12/28/21 was evaluated by a nurse are 3:20pm. By 1/11/22 a nurse evaluated by a
20 |
21 | nurse around 1:17pm. Each time the nurses contacted Defendant nurse practioner ("N.P.")
22 |
23 | Jean King ("King").
24 |
25 | 7. On 1/13/22 the Plaintiff was asking for help again as the symptoms got worse,
26 |
27 | where you could visually see the rash covering the whole body, and a large lump
28 | 3-A

1. appearing under the left arm pit. The Plaintiff was begging for help.

3. 8. On 1/14/22 around 9:13AM Defendant King told Plaintiff to follow her in the medical room.

7. 9. Defendant King brought another nurse in and told Plaintiff to take off his shirt, which at that point Plaintiff told Defendant King "History of cancer in the family, and it has been getting worse.".

13. 10. Without even a physical examination Defendant King told the Plaintiff "the lump moved when you lifted your arm up. You are ok. Put your shirt on, and you can go.". From the Defendant King seen Plaintiff was than 5 minutes, till Plaintiff left.

19. 11. On 1/30/22 the Plaintiff was seen by a nurse which the Plaintiff was complaing of symptoms getting worse, and new symptoms appearing. nurse evaluated Plaintiff and contacted Defendant King. On 2/2/22 Plaintiff was called to medical which the Plaintiff was informed Defendant King would be doing a "yearly physical".

3-B

12. Again Defendant King ignored Plaintiffs pleas for help. As she was performing the "yearly physical" she did not evaluate the rashes or the lump that was getting worse. The Plaintiff again told Defendant King the symptoms was getting worse, and more symptoms appeared. The Plaintiff stated to Defendant King "I have a family history of cancer".

13. Defendant King ignored the Plaintiff as she was finishing the yearly physical. All Defendant King did was check the flexibility of feet, hands and listen to the lungs.

14. on 2/8/22, 2/15/22, 2/16/22, 3/1/22, and 3/2/22 the Plaintiff was evaluated by nurses of complaints about symptoms progressively getting worse as well the lump getting worse. Plaintiff stated multiple times that his family has a history of cancer. Nurses evaluated Plaintiff, noted in charts, and notified Defendant King.

15. on 3/2/22 nurse Houston notified the Plaintiff that Defendant King told her that if Plaintiff puts in another request to be seen that Defendant King would put him on report.

16. Plaintiff waited almost a full month until roughly 3/31/22 to be seen by a nurse out of fear of getting in trouble. Nurse notified Defendant King again. Defendant King refused to

3-C

1  See the Plaintiff. From 12/28/21 - 3/31/22 the nurses notified Defendant King roughly 13
2
3  times.
4
5     17. Defendant King went onto the Aspen Unit multiple times from 12/28/21 - 3/31/22
6
7  without seeing the Plaintiff. Even as the Plaintiff would run up to her as she would enter
8
9  the unit begging for help, which she would intentionally ignore and walk away.
10
11    18. Finally on 4/7/22 Physician Assistant ("P.A.") Spizzirri seen the Plaintiff. P.A.
12
13 Spizzirri did a full body exam, the Plaintiff to Spizzirri about his concerns, symptoms, and
14
15 family history. Spizzirri told Plaintiff an ultrasound needed to be ordered, and his concerns.
16
17    19. On 4/17/22 Plaintiff was seen by a nurse because of the changes in symptoms.
18
19    20. On 4/21/22 Plaintiff had an ultrasound. In which on 4/25/22 Plaintiff was informed
20
21 of the results by Defendant N.P. Merriman. Which Defendant Merriman stated her concerns
22
23 about cancer, an ordered a needle biopsy.
24
25    21. The type of biopsy was wrong type. Knowing full lymph node biopsy would need
26
27 to be done to find cancer. On record she did it out of cost.
28                                    3-D

22. On 5/4/22, 5/14/22, and 5/16/22 Plaintiff was seen by nurses due to changes in his symptoms.

23. On 5/20/22 The Plaintiff had an ultrasound, mammogram, and needle biopsy. The outside provider wanted the ultrasound and mammogram. On 5/31/22 the Plaintiff was told the results of the needle biopsy by Defendant Merriman.

24. Even though the results was alarming on 6/21/22 Defendant Merriman told Plaintiff "DR. Dennis will be moving forward with your care, when you go back to Aspen".

25. Plaintiff was seen on or about 7/1/22 by DR. Dennis which he put in and URGENT request for a consult. On 7/20/22 Plaintiff was seen by an outside provider for consult. He told Plaintiff he suspects Lymphoma cancer based how Plaintiff looked and symptoms.

26. From 4-7-22 to 7/20/22 the Plaintiff requested roughly 20 times for help by medical.

27. The Plaintiff got the run around by medical. From 7/20/22 - 8/15/22 the Plaintiff put in another 11 requests for help by medical.

28. On 8/15/22 the Plaintiff was going into a hunger strike, and liquid strike.

3-E

1 Aspen Administration asked the Plaintiff to hold off while they try and resolve the

3 medical problem at a meeting with medical. By 1:30pm after the meeting that medical

5 decided to schedule a biopsy (Full lymph node), making medical very upset.

7   29. From 8/15/22 - 9/6/22 a total of another 11 requests for help by the Plaintiff to

9 medical, on 9/7/22 the Plaintiff had the biopsy done by a hospital. on 9/22/22 Plaintiff

11 was informed by the hospital of the results and came back as cancer.

13   30. on or about 9/29/22 a "DMT" meeting was held by medical, Aspen Admin, mental

15 health staff and the Plaintiff. In which Defendant DR. Jonathan Mahn promised things

17 will change with the new company Naphcare.

19   31. From 12/28/21 - 8/1/22 Defendant DR. Mitchell was the Complex Medical Director.

21 on information and blief Defendant DR. Mitchell was notified about the medical problem

23 multiple of times. Defendant DR. Mitchell intentionally ignored the emails and meetings.

25   32. From 12/28/21 until Centurion left which was 9/31/22 roughly 77 request for

27 help by the Plaintiff to medical, as his symptoms got worse including chronic and

28           3-E

1 | Substantial pain.

2 |

3 | 33. From 12/28/21 - 9/31/22 on information and belief Aspen Admin notified Centurion

4 |

5 | roughly 17 times documented, through emails.

6 |

7 | 34. From 3/2/2022 - 9/31/22 on information and belief roughly 31 meeting was

8 |

9 | conducted by Aspen Admin and Centurion.

10 |

11 | 35. From 12/28/21 - 7/1/22 Defendant King and Defendant Merriman delayed and

12 |

13 | ignored Plaintiffs request for help. Even with warning signs of cancer.

14 |

15 | 36. Centurion had an ongoing pattern of falsifying Plaintiffs medical records

16 |

17 | which as lease 3 seperate times that the Plaintiff is (aware) of, 5/14/22,

18 |

19 | 1/31/22, and 8/29/22. When confronted they make excuses for their actions.

20 |

21 | 37. Plaintiff made multiple requests to review medical records. Which medical

22 |

23 | stating that he never did. When Plaintiff confronts showing dates, medical

24 |

25 | stops responding when they relised they were caught in another lie.

26 |

27 |

28 | 3-G

38. on 10/1/22 took over the medical for ADCRR.

39. From 10/1/22 - 8/1/23 Defendant Mahn was the complex medical Director for Phoenix complex, and a medical provider for Plaintiff.

* Defendant DR. Mahn was aware of medical staff shortage for Aspen unit, and was "spread" to thin to be effective.

* Defendant DR. Mahn was made aware substantial amount of times by ADCRR, nurses and Plaintiff that his clinical coordinator messed up roughly 10 appointments. DR. Mahn did not correct the problem and allowed it to keep happening, which caused a substantial delay of roughly (7) months to get treatment for the cancer, From 10/1/22 - 4/20/23.

40. ADCRR notified DR. Mahn roughly 40 times of the problems.

41. Roughly Plaintiff asked for help 86 times From 10/1/22 - 8/31/23, as symptoms got worse.

42. ADCRR had roughly 48 meetings with medical addressing issues.

3-H

43. Defendant Cindy Gaio which was clinical coordinator for Phoenix complex from roughly 12/28/21 - 8/31/23. She is responsible to make and recieve calls, emails to set up medical off site appointments.

44. Defendant Gaio repeatedly failed to set up appointments, reschedule appointments, and send medical records even though she was made aware of the problem multiple times.

45. Defendant Gaio interfered with off site medical, treatment and appointments

46. on or around May 1st, 2nd, 3rd, and 4th Defendant Gaio did not schedule radiation treatment appointment causing a delay and pause of radiation even though Cancer center requested for Plaintiff to be set up on such dates.

47. Each Defendant listed in this complaint added up to the substantial delay in treatment of roughly 16 months.

3-I

48. Plaintiff has days, times, locations, physical paper trail, elatronic paper trail of all alleged facts in this complaint.

49. Mental health staff was threaten "Stay in your own lane" because they help Plaintiff. In which substantial amount of emails sent.

50. On information and belief roughly 100 emails was sent out to medical on behalf of Plaintiff by Aspen Admin. Which could be higher.

51. Because each Defendant actions, inactions listed in this complaint they each had a role in Plaintiffs pain and suffering, mental anguish, physical scars, nerve damage, and permanent damage which could of been prevented.

52. Medication running out over a period of 3 units and 2 complex's.

53. The Plaintiff asked for help over a 2 year period of time roughly 200 times. Plaintiff attempted suicide circa October, 2023.

3-J

## COUNT II

1. State the constitutional or other federal civil right that was violated: __Fourteenth Amendment__

2. **Count II.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ■ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

```
1.              STATEMENT OF FACTS
2.
3. 1. Each Defendant listed in this complaint denied Plaintiff of the equal protection of the law.
4.
5. Deprivation of a basic human need such as medical.
6.
7. 2. They posed an unreasonable risk of harm, which caused injury and damage to the
8.
9. Plaintiff.
10.
11. 3. The Eighth Amendment, made applicable to the states by the Fourteenth Amendment, prohibit
12.
13. the infliction of "cruel and unusual punishment" on convicted prisoners.
14.
15. 4. Plaintiff re-alleges and incorporates by reference all preceding paragraphs in Count 1
16.
17. and Count 2.
18.
```

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Permanent nerve damage, loss of strength, Cant lift stuff, permanent damage to left arm, Pain, suffering, mental anguish, chronic debilitating pain, attempted suicide

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ■ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II? ■ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level? ■ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## COUNT III

1. State the constitutional or other federal civil right that was violated: __Eighth Amendment__

2. **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☒ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   1. 1. Defendant Centurion Health inc., and Defendant Naphcare inc. was personally involved
   2.
   3. in the constitutional deprivation alleged in count 1 and count 2.
   4.
   5. 2. Defendant Centurion Health inc., and Defendant Naphcare inc. failure to properly train,
   6.
   7. Supervise, or control their subordinates constituted a constitutional deprivation when those
   8.
   9. subordinates deprived Plaintiffs constitutional rights.
   10.
   11. 3. Defendants failure to properly instruct subordinates to take proper care establishes "a sufficient
   12.
   13. causal connection between the superiors wrongful conduct and the constitutional violation.
   14.
   15. With physical evidence of wrong doing.
   16.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
   Permanent nerve damage, loss of strength, cant lift stuff, permanent damage to left arm, Pain, Suffering, mental anguish, chronic debilitating pain, attempted suicide

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

### E. REQUEST FOR RELIEF

State the relief you are seeking:
1. Wherefore, Plaintiff for each and every count above demands the following relief, jointly
2.
3. and severally, against all Defendants.
4.
5.
6.
7. Continued on 6-A

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11-14-2023
               DATE

*Jonathan Baumbach*
SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

JAMIE R. ANELLO
Notary Public - Arizona
COCHISE COUNTY
Commission # 576014
Expires November 20, 2023

*Jamie Anello*

(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.

A) Fair and reasonable compensatory damages in a sum in an amount according to proof;

B) Exemplary damages to the extent permitted by law;

C) Taxable costs and pre- and post-Judgment interest to the extent permitted by law;

D) cost necessarily incurred herein;

E) Attorneys' fees pursuant to 42 U.S.C. § 1988;

F) Punitaive damages;

G) Such Further relief as the court deems Just or proper.

6-A